Lea BORNEMAN, Petitioner,

v.

STEAK & ALE OF TEXAS, INC., d/b/a Bennigan's, Respondent.

No. 98–1167.

Supreme Court of Texas.

April 6, 2000.

**412**

Robert W. Hammer, David E. Keltner, Fort Worth, Robert Michael Meador, Dallas, Karen S. Precella, Fort Worth, for petitioner.

Lee M. Simpson, Linda S. Althoff, David Mike Chambers, Dallas, for respondent.

PER CURIAM.

In this dram shop case, Lea Borneman sued Steak & Ale of Texas, Inc. d/b/a Bennigan's (Steak & Ale) because she was injured in a car crash caused by one of its intoxicated patrons. The jury awarded her actual and punitive damages, and the trial court rendered judgment on the verdict. The court of appeals reversed and rendered a take-nothing judgment for Steak & Ale, holding that the jury charge omitted an element of Borneman's cause of action. Although we agree with the court of appeals that the charge was erroneous, the court of appeals should not have rendered judgment because the error in the charge was a defect not an omission. Accordingly, we reverse the judgment of the court of appeals and remand the case to that court for consideration of issues that it did not reach.

Nehemiah Franklin and Michael Nimon consumed a number of alcoholic drinks at a Bennigan's restaurant. Both Franklin and Nimon were underage. Over the course of a few hours, each consumed at least four or five mixed drinks and four or five beers. Franklin and Nimon left the restaurant by car. They went to Nimon's apartment, where they met Lea Borneman and Ashley Wood. The record indicates that Nimon offered Borneman and Wood a ride to a store and that Franklin drove the car with the four of them in it. The car later crashed, and the occupants, including Borneman, were injured.

Borneman sued Steak & Ale under Texas' Dram Shop Act. *See* TEX. ALCO. BEV. CODE §§ 2.01—2.03. This statute generally is the exclusive means for recovery against a provider of alcohol. *See id.* § 2.03; *Southland Corp. v. Lewis*, 940 S.W.2d 83, 84 (Tex.1997). The requirements set out in the Act are twofold. First, it must be "apparent" to the defendant "at the time" the alcohol is provided, sold, or served that the person consuming the alcohol is "obviously intoxicated to the extent that he present[s] a clear danger to himself and others." TEX. ALCO. BEV.CODE § 2.02(b)(1). Second, "the intoxication of the recipient" must be "a proximate cause of the damages suffered." *Id.* § 2.02(b)(2).

The jury charge contained seven questions, only the third of which is challenged. Question No. 1, tracking section 2.02(b)(1), asked whether Steak & Ale had, in fact, sold or served alcohol to Franklin when it was apparent that he was obviously intoxicated to the extent that he was a clear danger to himself and others. The jury answered "yes." Question No. 2 inquired whether Franklin's conduct was the "sole proximate cause of the occurrence in question," and the jury answered "no." Then, Question No. 3, the question challenged on appeal, asked: "Do you find the conduct of STEAK & ALE OF TEXAS, INC. D/B/A BENNIGAN'S to be a proximate cause of the occurrence in question?" The jury answered in the affirmative. Steak & Ale had objected to Question No. 3, requesting that the issue track section 2.02(b). The jury also found that Borneman's negligence was a proximate cause of the occurrence. It attributed twenty percent of the responsibility to her and eighty percent to Steak & Ale.

The trial court rendered judgment for Borneman based on the jury's verdict, but the court of appeals reversed that judg-

ment. The court of appeals held that question three was an improper submission because the statute requires damages to be linked to the recipient's intoxication, not to mere conduct of the defendant.

■ We agree with the court of appeals that question three erroneously charged the jury regarding proximate cause. As a general rule, when a statutory cause of action is submitted, the charge should "track the language of the provision as closely as possible." *Spencer v. Eagle Star Ins. Co. of Am.*, 876 S.W.2d 154, 157 (Tex.1994); *see also Brown v. American Transfer & Storage Co.*, 601 S.W.2d 931, 937 (Tex.1980). The Dram Shop Act clearly states that the "intoxication of the recipient" must be a proximate cause of the injury. TEX. ALCO. BEV.CODE § 2.02(b)(2).

The court of appeals correctly concluded that the error in the charge required reversal. Borneman had argued to the jury that conduct by Steak & Ale—other than providing, selling, or serving alcoholic beverages to Franklin when he was "obviously intoxicated to the extent that he presented a clear danger to himself and others" and Franklin's intoxication—was a proximate cause of the injury. Among other things, Borneman argued to the jury that the conduct of Steak & Ale that proximately caused Borneman's injuries included its failure to call for a cab to take Franklin and Nimon home. The jury could thus have concluded that if only Steak & Ale had called a cab, Franklin would not have been behind the wheel in his car and would not have driven Borneman. Allowing the jury to consider that act or omission as the basis for causation would directly contravene the decision of the Legislature to define dram shop liability in reference to the patron's intoxication. The charge was therefore improper.

■ Borneman contends, however, that the court of appeals erred in its disposition of this case. Because the court of appeals held the error in the charge to be the omission of an element of Borneman's cause of action rather than a mere defect, it rendered judgment for Steak & Ale. We agree with Borneman that the court of appeals should not have rendered judgment against her based on this error in the charge.

In *Southeastern Pipe Line Co. v. Tichacek*, we held a jury charge to be defective and remanded the case. 997 S.W.2d 166, 172 (Tex.1999). We noted that one kind of defective question "plainly attempts to request a finding on a recognized cause of action, but does so improperly." *Id.* (citing *Spencer*, 876 S.W.2d at 157). And in *Tichacek*, the party benefitting from the erroneous charge had not chosen to abandon its claim, but had "simply requested an improper submission of the issue to the jury." *Id.* We find the present case to be analogous.

This case is also similar to the facts presented in *Spencer v. Eagle Star Insurance Co. of America*, 876 S.W.2d 154 (Tex. 1994), in which we remanded a jury charge defect, rather than *State Department of Highways & Public Transportation v. Payne*, 838 S.W.2d 235 (Tex.1992), in which we rendered judgment. Borneman, like the plaintiff in *Spencer*, "plainly attempted to request a finding on a statutory cause of action." *Spencer*, 876 S.W.2d at 157. She did not, as in *Payne*, "refuse[ ] to submit a theory of recovery" by choosing one theory of recovery over another. *Spencer*, 876 S.W.2d at 157 (distinguishing *Payne* ); *cf. Payne*, 838 S.W.2d. at 240–41 (rendering judgment because the charge included one of the plaintiff's theories but omitted the only legally viable theory). Nor is there any indication that Borneman was attempting to gain an advantage through submission of an improper charge. *See Spencer*, 876 S.W.2d at 158. Further, this charge is not "so defective" that it warrants rendition of judgment. *Id.* For these reasons, the court of appeals should not have rendered judgment against Borneman on this issue.

We grant Borneman's petition and, without hearing oral argument, *see* TEX.R.APP.

P. 59.1, reverse the judgment of the court of appeals and remand the case to that court so that it may consider other of Steak & Ale's issues on appeal.