No. 04-00-00332-CV



Diana CASTILLO, Individually and as Next Friend of Roy Castillo, a Minor,


Appellant



v.



COASTAL MART, INC.,


Appellee



From the 45th Judicial District Court, Bexar County, Texas


Trial Court No. 99-CI-03281


Honorable Andy Mireles, Judge Presiding



Opinion by: Alma L. López, Justice


Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Karen Angelini, Justice


Delivered and Filed: February 28, 2001


AFFIRMED


 Roy Castillo was injured in a car accident. Roy was a passenger in a vehicle driven by Marcos
Camarillo and owned by Marcos's father. Prior to the accident, Roy and Marcos consumed alcoholic
beverages sold by the appellee, Coastal Mart. After the accident, Roy's mother (Mother) sued
Marcos for negligently operating the vehicle, Marcos's father for negligently entrusting the vehicle
to Marcos, and Coastal Mart for causing Roy's injuries by negligently selling or distributing alcoholic
beverages to Marcos and Roy. After Mother settled with Marcos and his father, Coastal Mart twice
moved for summary judgment. The trial judge granted each motion without specifying grounds, and
Mother appealed.

 When reviewing a summary judgment order, the court of appeals must determine whether the
summary judgment evidence establishes as a matter of law that no genuine issue of fact exists as to
one or more of the essential elements of the plaintiff's cause of action. See Gibbs v. General Motors
Corp.,450 S.W.2d 827, 828 (Tex. 1970). The movant for summary judgment has the burden as a
matter of law. See Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985).
In deciding whether a disputed material fact issue exists, the court of appeals will view evidence
favorable to the non-movant as true. See Nixon, 690 S.W.2d at 548-49. The reviewing court must
indulge every reasonable inference in favor of the non-movant and resolve any doubt in the non-movant's favor. Id. Where the trial judge does not specify the basis for a summary judgment order
as in the instant case, the court of appeals must consider all grounds preserved for review, Cincinnati
Life Ins. Co. v. Cates, 927 S.W.2d 623, 625 (Tex. 1996), and uphold the order on any theory
advanced that is meritorious; State Farm Fire & Casualty Co. v. S.S., 858 S.W.2d 374, 380 (Tex.
1993).

 In this appeal, Mother challenges the trial court's order in seven issues. In each issue, Mother
argues that the trial judge erred because the evidence raises a fact issue. For the sake of economy,
we will focus on those issues that are dispositive of Mother's appeal. After reviewing the record, we
find that whether Coastal Mart was negligent by selling alcoholic beverages to Marcos, and whether
the alleged sale proximately caused Roy's injury, are dispositive of the appeal.


Section 2.03 of the Alcoholic and Beverage Code

 In its motion for summary judgment, Coastal Mart argued it was entitled to a judgment under
section 2.03 of the Texas Alcoholic Beverage Code because no evidence existed that it sold alcoholic
beverages to Marcos or that Marcos was intoxicated. Coastal Mart relied upon deposition testimony
by Marcos and Roy. During his deposition, Marcos testified that although he provided the money
for beer purchased at Coastal Mart, a friend actually purchased the beer. Marcos stated that he
consumed beer prior to the accident, but that he was not intoxicated. Roy's deposition testimony
supported this evidence. Roy testified that Marcos and others entered a Coastal Mart store to
purchase beer and that he did not feel that Marcos was intoxicated at the time of the accident.

 Section 2.03 provides the exclusive remedy for a cause of action against the provider of
alcoholic beverages when the purchaser is at least 18 years of age. Tex. Alco. Bev. Code Ann. §
2.03 (Vernon 1995). This section applies to Mother's claims against Coastal Mart concerning the
sale of alcoholic beverages to Marcos because Marcos was nineteen years old when he allegedly
purchased alcoholic beverages from Coastal Mart. To recover from a provider under section 2.03,
it must be apparent to the defendant-provider at the time the alcohol is provided, sold, or served that
the person consuming the alcohol is obviously intoxicated to the extent that he presents a clear danger
to himself and others, and the intoxication of the recipient must be a proximate cause of the damages
suffered. See Borneman v. Steak & Ale of Texas, Inc., 22 S.W.3d 411, 412 (Tex. 2000). Thus, to
recover, the plaintiff must prove that the provider sold alcoholic beverage to an intoxicated purchaser
and that the purchaser's intoxication proximately caused the plaintiff's injury. As a result, these issues
are essential elements of Mother's claims against Coastal Mart concerning the sale of alcoholic
beverages to Marcos.

 In response to Coastal Mart's argument about section 2.03, Mother argued that Coastal Mart
was negligent by selling or distributing alcoholic beverages to minors. The response, however, did
not address Coastal Mart's argument about section 2.03. Instead, the response simply argued that
Coastal Mart's employees failed to follow proper procedures for selling alcoholic beverages. To
support its allegation that Coastal Mart sold or distributed alcohol to Marcos and Roy, Mother
presented Roy's affidavit. Therein, Roy stated that Marcos talked with a Coastal Mart employee, but
that he did not see money change hands. Roy further stated that an unnamed Coastal Mart employee
exited the store and placed beer and St. Ives Special Reserve in the trunk of Marcos's car.

 Mother also presented deposition testimony of Billy McMorris. Although Marcos testified
in his deposition that Billy accompanied him to the store, Billy testified that he did not go to the
Coastal Mart store with Marcos and Roy. Billy testified that after Marcos returned from the store,
Marcos gave him a ride home. Billy stated that Marcos had been drinking earlier, but that he was not
drunk. Thus, no evidence indicated that Marcos was intoxicated at the time of the alleged purchase.
As a result, no evidence existed to support at least one element of Mother's claim concerning the sale
of alcoholic beverages to Marcos. Because no evidence existed to support this element, the trial
judge properly granted summary judgment as to causes of action against Coastal Mart involving the
alleged sale of alcoholic beverages to Marcos. Gibbs, 450 S.W.2d at 828. This disposition, however,
left open Mother's claims against Coastal Mart about the alleged distribution of alcoholic beverages
to Roy. 

Negligence Claim Against Coastal Mart Concerning Roy

 Rather than allege Coastal Mart sold alcoholic beverages to Roy, Mother alleges Coastal Mart
distributed alcoholic beverage to Roy by placing the beer and St. Ives in the trunk of the car. Roy
was sixteen at the time of the alleged distribution, so section 2.03 does not apply to Mother's claims
against Coastal Mart about distribution of alcoholic beverages to Roy. Instead, ordinary negligence
law applies to those claims. "In a negligence cause of action, the plaintiff must prove that the
defendant owed a duty to plaintiff, that the defendant breached that duty, that the breach was the
actual and proximate cause of the plaintiff's injuries and that damages resulted." Rodriguez v. Moerbe,
963 S.W.2d 808, 816 (Tex. App.--San Antonio 1998, pet. denied). So even though section 2.03 did
not apply to this claim, Mother was still required to prove that Coastal Mart's negligence proximately
caused Roy's injury.

 Coastal Mart addressed Mother's claims concerning Roy by filing a second motion for
summary judgment. Therein, Coastal Mart argued that no evidence existed that it sold alcoholic
beverages to Roy, that its employees were negligent, or that the alleged sale proximately caused
Roy's injury. Coastal Mart relied on Marcos's deposition in which he described how he lost control
of his car as he raced with another vehicle, causing his car to flip-over. Marcos stated that after the
accident, he observed that Roy's hand was injured. Roy substantiated this version of what caused
his injury. In his deposition, Roy described how he was injured when Marcos lost control of the car
when racing and flipped the car over. As a result, Coastal Mart established that Marcos caused Roy's
injury.

 In response, Mother argued that more than one cause could result in a plaintiff's injury and
that the evidence raised questions of fact about what caused Roy's injury. In addition to the evidence
already discussed, Mother presented deposition testimony from Jonathan Garcia. Mother presented
Jonathan as an employee who ostensibly worked at the Coastal Mart store on the night of the alleged
sale. Jonathan stated that he never received formal training about procedures for selling alcoholic
beverages, but that he had been told not to sell alcoholic beverages to any one under age 27 or to a
customer who was drunk. He also stated that he always carded customers when selling alcoholic
beverages. Jonathan further stated that although he had never carried alcoholic beverages to a
customer's car, he had observed an employee do so. Viewed in favor of the non-movant-in this
appeal, Mother, this evidence at best raises questions about whether Coastal Mart was negligent in
training its employees, and about whether Coastal Mart distributed alcoholic beverages to Roy. See
Nixon, 690 S.W.2d at 548-49. The evidence does not, however, raise an issue about the cause of
Roy's injury.

 Nonetheless, for these questions to preclude summary judgment, a scintilla of evidence must
exist to connect the alleged distribution of alcoholic beverages to a minor to Roy's injury. In this
case, some evidence would have to show that Marcos's consumption of the alcoholic beverages
contributed to the accident that caused Roy's injury. While evidence indicates that Marcos consumed
alcoholic beverages purchased at Coastal Mart prior to rolling his car, no evidence exists to connect
his consumption of the alcoholic beverages to Roy's injury. Although proximate cause is generally
a question of fact for a jury to decide, the issue is a question of law where the evidence is without
material dispute and where only one reasonable inference may be drawn therefrom. Rodriguez, 963
S.W.2d at 818-19. Here, the evidence about Marcos's intoxication is without material dispute. No
evidence indicates that Marcos was intoxicated. Under these circumstances, no evidence of
proximate cause exists. As a result, an order granting summary judgment as to causes of action
against Coastal Mart involving the alleged distribution of alcoholic beverages to Roy was proper.


Conclusion

 Mother characterizes this appeal as a fact-intensive case with conflicting testimony from the
parties and witnesses. She argues that the only factual issue that is undisputed is that Roy was injured
in an accident involving Marcos. Despite this characterization, the foregoing discussion demonstrates
that at least two other issues are undisputed-i.e., that no evidence exists that Marcos was intoxicated
at the time of the alleged purchase from Coastal Mart, and that no evidence exists that the alleged sale
proximately caused Roy's injuries. Because not even a scintilla of evidence established these elements
of Mother's claims, Coastal Mart was entitled to summary judgment. We overrule Mother's issues
on appeal and affirm the trial court's summary judgment order.


 Alma L. López, Justice

DO NOT PUBLISH