MARY'S OPINION HEADING 



 NO. 12-02-00004-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


REBA DENNIS,
§
 APPEAL FROM THE SECOND

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


SALLY STONE, ET AL,

APPELLEES
§
 CHEROKEE COUNTY, TEXAS

 

MEMORANDUM OPINION


 This is a boundary dispute. Reba Dennis appeals the trial court's judgment granting title and
possession of 12.24 acres to Dennis Mortis and Patricia Mortis. We affirm.


Background


 Dennis R. Mortis and Patricia W. Mortis, plaintiffs/appellees, are the record owners of the
12.24 acre area in controversy. Sally Stone Tilton f/k/a Sally Stone is their grantee. In response to
plaintiffs' suit for declaratory judgment, title and possession, defendant/appellant, Reba Dennis
("Dennis"), asserted a counterclaim under the ten-year statute of limitations. The jury found against
Dennis' claim of adverse possession, and the trial court rendered judgment granting title and
possession to Dennis Mortis and Patricia Mortis.

 In the first issue presented, Dennis complains that the trial court's definition of "hostile
possession" within the charge substantially increased her burden of proof and rendered the charge
fatally defective. In her second issue, she contends that the evidence established as a matter of law
that she had adversely possessed the land for the requisite ten years. Alternatively, she maintains
that the jury's verdict is contrary to the overwhelming weight of the evidence. 


The Charge


 In her first of two issues presented, Dennis challenges the inclusion in the charge of a
definition of the term "hostile possession." Dennis argues that Texas law requires that when a
statutory cause of action is submitted, the questions contained in the charge should track the
language of the statute, and the definitions used should be only those found in the pertinent statute. 
Section 16.021(1) of the Texas Civil Practice and Remedies Code defines "adverse possession as
follows:

 

 "Adverse possession" means an actual and visible appropriation of real property, commenced and
continued under a claim of right that is inconsistent with and is hostile to the claim of another person.



Tex. Civ. Prac. & Rem. Code Ann. § 16.021(1) (Vernon 2002). The Code does not contain a
definition of the term "hostile possession" as used in section 16.021(1). Over Dennis' objection, the
trial court included the following definition in the charge:


 "Hostile possession" means that the possession of the land was hostile to the record owner and is of
such a nature and character as to reasonably notify the true owner that a hostile claim was being
asserted to the property.



 A court should not explain or define words or phrases that have no special legal or technical
meaning apart from their ordinary usage. See Allen v. Allen, 966 S.W.2d 658, 660 (Tex. App.-San
Antonio 1998, pet. denied). But a definition is essential if the term is (1) a legal expression whose
meaning is unknown to lay persons, Robertson & Mueller v. Holden, 1 S.W.2d 570, 571 (Tex.
Comm'n App. 1928, holding approved); a common term, familiar in ordinary usage, but used in the
charge in a special legal sense, Bell v. Missouri K. T. R. Co., 334 S.W.2d 513, 515-16 (Tex. Civ.
App.-Fort Worth 1960, writ ref'd n.r.e.); or a word or term that unexplained might confuse or
mislead. San Antonio v. Dunn, 796 S.W.2d 258, 263 (Tex. App.-San Antonio 1990, writ denied). 
See also Depriter v. Tom Thumb Stores, 931 S.W.2d 627, 629 (Tex. App.-Dallas 1996, writ
denied). In the context of an adverse possession claim, "hostile possession" is a phrase with a
distinct legal meaning.

 Dennis argues that the trial court erred in adding a definition of "hostile possession" to the
charge, because the definition given is not found in the code section, and the requirement within the
definition that the possession must "reasonably notify" the record owner improperly increased her
burden of proof beyond the statutory requirements. Appellant insists there is no requirement in the
statute that there be reasonable notice to the owner. 

 The trial court in this case based its definition on a line of cases that hold that the test for
hostility in an adverse possession case is "whether the acts performed by the claimant on the land
were of such a nature and character as to reasonably notify the true owner of the land that a hostile
claim was being asserted to the property." Terrill v. Tuckness, 985 S.W.2d 97, 109 (Tex. App.-San
Antonio 1998, no. pet.); see also Winchester v. Porrettro, 432 S.W.2d 170, 174-75 (Tex. Civ.
App.-Houston [1st Dist.] 1968, writ ref'd n.r.e.). A trial court has wide latitude to determine the
propriety of definitions and instructions in the charge. See H. E. Butt Grocery Co. v. Bilotto, 985
S.W.2d 22 (Tex. 1998). The definition was correct and helpful to the jury in reaching its verdict.

 Two cases cited by Dennis, Borneman v. Steak & Ale, 22 S.W.3d 411, 413 (Tex. 2000) and
Spencer v. Eagle Star Ins. Co. of Am., 876 S.W.2d 154, 157 (Tex. 1994), state the general rule that
when a statutory cause of action is submitted, the charge should track the language of the provision
as closely as possible. (emphasis ours). They do not, however, explicitly limit definitions in the
charge to only those contained in the statute. Neither case dealt with definitions. Rather, in both
cases, the jury question erroneously stated or omitted an element of the statutory cause of action. 
Borneman was a dram shop case. The Dram Shop Act states that "the intoxication of the recipient"
must be a proximate cause of injury. Tex. Alco. Bev. Code § 2.02(b)(2) (Vernon 1995). The trial
court did not include a jury question in the charge asking whether the driver's intoxication
proximately caused the accident.

 In Spencer, the insured sued his fire insurer alleging unfair claim settlement practices. 
Rather than limiting the jury's consideration to statutorily enumerated acts of misconduct, the jury
question improperly allowed the jury to find unfair insurance practice based upon any action by the
insurer that took advantage of the insureds and caused an inequitable result. Both Borneman and
Spencer are inapposite. Dennis' position is also unaided by the other case she cites, Trinity Fire
Ins. Co. v. Kerrville Hotel Co., 129 Tex. 310, 103 S.W.2d 121, 126 (Tex. 1937). In charging the
jury in a usury case, the trial court included in the charge the statutory definition of usury but added
to the definition "irrespective of the term or name applied to it by the parties." Against the complaint
of the defendant bondholders, the supreme court held that the added phrase aided the jury's
understanding of the issue. In the instant case, the jury question accurately followed the statute. The
court did not err in correctly defining "hostile possession" within the charge. Appellant's first issue
is overruled.


Adverse Possession


 In her second issue, Dennis contends that her adverse possession of the disputed tract was
established as a matter of law. "When a party attacks the legal sufficiency of the evidence to support
an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal
that the evidence establishes, as a matter of law, all vital facts in support of the issue." Dow Chem.
Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001); W. Wendell Hall, Standards of Review in Texas,
34 St. Mary's L.J. 1, 164-66 (2002). In determining a "matter of law" challenge, the reviewing
court conducts a two-step analysis. The reviewing court must first examine the record for evidence
that supports the finding and ignores all evidence to the contrary. Dow Chem. Co., 46 S.W.3d at
241; Hall, supra at 165. If there is no evidence to support the finding, the court will then examine
the entire record to determine if the contrary position is established as a matter of law. If the contrary
position is established conclusively by the evidence, the issue will be sustained. Id.

 Alternatively, Dennis insists the jury's verdict is against the overwhelming weight of the
evidence. In challenging a jury finding on an issue upon which that party has the burden of proof,
the appellant must demonstrate that "the adverse finding is against the great weight and
preponderance of the evidence." Id. If there is some evidence to support the finding, the reviewing
court must determine, in the light of the entire record, whether the finding is so contrary to the
overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly
unjust. Dow Chem. Co., 46 S.W.3d at 241; Hall, supra at 173.

 Dennis' husband testified that he cleared the disputed tract in 1967 and planted grass,
repaired the fence, and pastured cattle upon it. Dennis testified that she continued to keep the area
mowed for several years until the man who mowed it said it was ruining his tractor. It is apparently
undisputed that Dennis' husband cleared, planted, and pastured the larger tract upon which he had
the record title. But, his testimony that he cleared, planted, and pastured the area in dispute is
contradicted by the testimony of James Kyle who thought the size and age of the trees indicated the
property had not been cleared. It was his opinion that the fence was forty or fifty years old, because
posts were entirely rotted and the fence was lying on the ground. The jury would have been justified
in inferring from Mr. Kyle's testimony that Dennis' husband had not used the property as he claimed
for the ten years required. The photographs in evidence show a heavily wooded tract. Dennis' own
testimony that she could not keep the area cleared because it was too rough confirms the view that
the area was totally unsuitable for planting or pasture, and justifies the inference that it was not put
to such uses for the period claimed. One of the Appellees, Mr. Mortis, testified that when he hunted
on the property in 1990, he saw no livestock, no improvements, and no "no trespassing signs." "No
hunting" signs were posted by Dennis in the spring of 1995. The photos and descriptions of the
fence support the inference that it did not serve to keep cows in during the time claimed. The wire
was rotten, grown far into the trees, the posts were rotten, and for most of its length, the fence was
on the ground, buried in places under the leaves.

 Dennis failed to show adverse possession as a matter of law. Moreover, we conclude that
the jury's finding was not against the great weight and preponderance of the evidence. Appellant's
second issue is overruled.

 The judgment is affirmed.

 Bill Bass 

 Justice


Opinion delivered March 12, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by
assignment.




(PUBLISH)