Michael Alan STRAUCH,
Plaintiff–Appellant,

v.

BUILD IT and They Will Drink, Inc., d/b/a Eden Nightclub, and Rodney Owen Beers, Defendants–Appellees.

No. 08CA2241.

Colorado Court of Appeals,
Div. V.

Oct. 29, 2009.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2009.

**1236**

Wills & Adams, LLP, Wm. Andrew Wills, II, Colorado Springs, Colorado, for Plaintiff–Appellant.

Harris, Karstaedt, Jamison & Powers, PC, A. Peter Gregory, Englewood, Colorado; Harris, Karstaedt, Jamison & Powers, PC, Steven R. Helling, Colorado Springs, Colorado, for Defendants–Appellees.

Opinion by Judge CONNELLY.

Plaintiff, Michael Alan Strauch, sued a nightclub and its owner (Build It & They Will Drink, Inc., doing business as Eden Nightclub, and Rodney Owen Beers) for having served a visibly intoxicated patron who later stabbed plaintiff. The legislature has abolished common law tort actions in this area but has imposed limited liability upon alcohol vendors for injuries caused to third parties by their intoxicated patrons. § 12–47–801(1) & (3), C.R.S.2009.

The district court granted summary judgment to defendants on plaintiff's statutory and other claims. We reverse the judgment only on the statutory claim. We hold that the statute does not require the proximate causation—that is, reasonable foreseeability—required for common law tort claims. A plaintiff must prove that the vendor's improper service of alcohol caused the patron's intoxication and that the patron's intoxication caused the injuries, but not that the vendor should have foreseen those injuries.

## I. Background

Plaintiff and his knife-wielding assailant, who did not know each other, both attended a New Year's Eve party at defendants' nightclub. The assailant purchased the most expensive admission pass allowing unlimited alcoholic drinks.

The knife attack occurred less than two blocks from the nightclub at around 1:00 a.m., as plaintiff and a companion were returning to their hotel room. The inebriated assailant, who had been hollering at various passers-by, stabbed plaintiff in the back and chest. This apparently unprovoked attack by an assailant too drunk to recall the evening's events caused serious injuries to plaintiff.

Defendants concede, for purposes of summary judgment, that the nightclub violated its statutory duty by willfully and knowingly serving alcohol to the visibly intoxicated assailant. Defendants likewise do not challenge at this stage of the proceedings the alleged factual connection between the assailant's intoxication and the stabbing of plaintiff.

In granting summary judgment for defendants on all claims, the district court held that the statute provided the exclusive remedy. The court ruled, however, that the statutory remedy was not available on these facts. It reasoned that the nightclub did not have a "duty" to act as "an insurer for the safety of [its] patrons" and was not statutorily liable for an off-premises knife attack by an inebriated assailant.

## II.  Discussion

██  Plaintiff's appeal from a summary judgment order raises issues of statutory construction.  Our review is de novo.  *See Dubois v. People*, 211 P.3d 41, 43 (Colo.2009); *Brodeur v. American Home Assurance Co.*, 169 P.3d 139, 146 (Colo.2007).

### A.  Plaintiff's Statutory Cause of Action

██  Plaintiff's first claim was brought under section 12–47–801.  Defendants contend that, whether the issue is defined as one of "duty" or of "proximate cause," the nightclub was not legally responsible because it could not reasonably have foreseen the manner in which the intoxicated patron injured plaintiff.  We hold, however, that the common law doctrine of reasonable foreseeability does not apply in statutory actions against alcohol vendors.  Accordingly, we reverse the summary judgment on this claim.

#### 1.  Common Law Actions Against Alcohol Vendors

The "traditional common law rule" precluded injured plaintiffs from recovering against alcohol vendors for the torts of intoxicated patrons.  *Charlton v. Kimata*, 815 P.2d 946, 950 (Colo.1991).  Courts reasoned that "the consumption of alcohol, not its provision, was ... the proximate cause" of the injuries.  *Id.*

The seminal Colorado case retreating from this common law rule, by recognizing alcohol vendors' potential liability to plaintiffs injured by intoxicated patrons, was *Crespin v. Largo Corp.*, 698 P.2d 826 (Colo.App.1984), *aff'd*, 727 P.2d 1098, 1100–01 (Colo.1986).  But *Crespin* was short-lived: in 1986, the legislature prospectively precluded such claims when it enacted the statute presently codified as section 12–47–801.  *See* 727 P.2d at 1106–07 & n. 3.

Common law tort claims required proof that a vendor's improper sale of alcohol proximately caused the plaintiff's injuries.  *Id.* at 1103.  Courts had to consider whether an intoxicated patron's acts were reasonably foreseeable.  *Id.*  Our supreme court observed that even "[a]n intentionally tortious

or criminal act ... does not break the causal chain if it is reasonably foreseeable."  *Id.*

#### 2.  Section 12–47–801

The General Assembly has now "abolished" such common law actions against vendors.  § 12–47–801(1).  It has determined that "in certain cases the consumption of alcohol beverages rather than the sale, service, or provision thereof is the proximate cause of injuries or damages inflicted upon another by an intoxicated person except as otherwise provided in this section."  *Id.*

The statute allows plaintiffs injured by intoxicated patrons to recover against alcohol vendors only in limited circumstances.  It provides that a licensed alcohol vendor is not liable for injuries "suffered because of the intoxication of any person due to the sale or service of" alcohol to that person except when a plaintiff proves the vendor "willfully and knowingly sold or served" alcohol to an underage or "visibly intoxicated" person.  § 12–47–801(3)(a).  (In addition, suit must have been commenced within a year.  *Id.*)

The specific elements of proof required by the statute are that: (1) the licensee "willfully and knowingly sold or served" alcohol to an underage or visibly intoxicated patron, *id.*; (2) the patron's intoxication was "due to th[at] sale or service," *id.*; and (3) the plaintiff suffered injuries "because of the [patron's] intoxication."  *Id.*  Even where these elements are proven, the statute grants protections to licensed alcohol vendors that would not have been available under *Crespin*.  Most significantly, the statute limits the maximum recoverable damages to $150,000 in 1998 dollars (approximately $220,000 for claims accruing before 2008 and $280,000 thereafter).  *See* § 12–47–801(3)(c) & (5)(a) & historical note.

#### 3.  Analysis

We must decide whether to read into the statute an additional element of reasonable foreseeability.  In common law tort cases, courts sometimes consider this as bearing on a defendant's "duty," other times as bearing on "proximate cause," and often as bearing on both.  *Crespin*, 727 P.2d at 1102–04; *see also Consolidated Rail Corp. v. Gottshall*,

512 U.S. 532, 546, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994) (treating issues of duty and proximate cause as "functionally equivalent").

■ Whatever the label, whether a defendant should be liable for injuries caused directly by an intervening actor or whether the intervening acts superseded the more remote wrongdoing requires courts to make "policy" judgments. *Observatory Corp. v. Daly,* 780 P.2d 462, 466 (Colo.1989); *Moore v. Western Forge Corp.,* 192 P.3d 427, 436 (Colo.App. 2007); *see generally Palsgraf v. Long Island R.R. Co.,* 248 N.Y. 339, 162 N.E. 99, 103 (1928) (Andrews, J., dissenting). Common law courts must make such " 'public policy' " judgments without a "definitive text." *Gregory v. Ashcroft,* 501 U.S. 452, 466, 111 S.Ct. 2395, 115 L.Ed.2d 410 (1991) (quoting Oliver Wendell Holmes, *The Common Law* 35–36 (1881)). But here we have a definitive text— and it embodies a legislative policy judgment of proximate cause. *See* § 12–47–801(1).

■ We decline to read an additional element into a statute that already reflects a legislative policy judgment of when alcohol vendors can and cannot be liable for injuries caused by their intoxicated patrons. Instead, we must "accept the General Assembly's choice of language and not add or imply words that simply are not there." *People v. Benavidez,* 222 P.3d 391, 394 (Colo.App. 2009).

As the Iowa Supreme Court wrote, in rejecting a tavern's efforts to avoid statutory liability for its intoxicated patron's off-premises rape and murder, proximate cause is not an issue "because the legislature made the policy decision to impose liability on the one who furnished the intoxicating beverage to the one who inflicted the injury." *Berte v. Bode,* 692 N.W.2d 368, 373 (Iowa 2005). Similarly, the Connecticut Supreme Court explained that the dram shop statute embodied a legislative judgment that the "relationship between a sale in violation of the law and the injury" inflicted by an intoxicated patron "warrant[ed] a departure from common-law concepts of proximate causation." *Pierce v. Albanese,* 144 Conn. 241, 129 A.2d 606, 612 (1957).

The Alaska Supreme Court recently upheld a directed verdict of statutory liability against a bar for a murder committed by a drunken patron upon returning home from the bar. *L.D.G., Inc. v. Brown,* 211 P.3d 1110 (Alaska 2009). The court required proof that the bar was criminally negligent in serving an intoxicated patron and that the patron's intoxication caused the murder, *id.* at 1119–21, but rejected the bar's efforts to inject the issue of whether its actions had proximately caused the murder, *id.* at 1121–24.

Even courts requiring proximate cause typically examine the "causal relationship between intoxication and injury," *Osborne v. Twin Town Bowl, Inc.,* 749 N.W.2d 367, 372 (Minn.2008), rather than whether the vendor should have foreseen the injury. Thus, the Texas Supreme Court has held it erroneous to ask whether the vendor's conduct proximately caused the injuries because "the Legislature [decided] to define dram shop liability in reference to the patron's intoxication." *Borneman v. Steak & Ale of Texas, Inc.,* 22 S.W.3d 411, 413 (Tex.2000); *but see F.F.P. Operating Partners, L.P. v. Duenez,* 237 S.W.3d 680, 696–97 & n. 4 (Tex.2007) (Jefferson, C.J., dissenting) (suggesting that majority's decision to apportion liability between vendor and patron undermined *Borneman* ).

In contrast, where a legislature wishes to require foreseeability as an element of a statutory cause of action against alcohol vendors, it can do so specifically and plainly. *See, e.g., Bauer v. Nesbitt,* 198 N.J. 601, 969 A.2d 1122, 1129 (2009) (applying statute requiring plaintiffs to show their injuries were " 'proximately caused by' and 'a foreseeable consequence of the negligent service of alcoholic beverages' ") (quoting N.J. Stat. Ann. § 2A:22A–5(a)). Colorado's statute conspicuously omits any such element.

■ Thus, to establish limited statutory liability in Colorado, a plaintiff need not prove the licensed alcohol vendor should have foreseen the injuries caused by its intoxicated patron. Instead, it suffices that the vendor's improper service of alcohol caused the patron's intoxication and the patron's intoxication caused the plaintiff's injuries.

The district court granted summary judgment in this case only by concluding that plaintiff could not satisfy a requirement not contained in the statute. This was legal error. Accordingly, we reverse the grant of summary judgment in favor of the nightclub on the statutory claim, and we remand for further trial court proceedings on the merits of that claim.

## B. Remaining Claims

The court properly entered judgment for defendants on the remaining claims alleging civil conspiracy, negligence, and violations of the premises liability statute. The Colorado statute provides the exclusive civil remedy against licensed alcohol vendors and their agents in cases such as this. Section 12–47–801(3)(a) makes explicit that "[n]o licensee is civilly liable" under these circumstances except as provided therein. And "licensee" is defined to include "the agents or servants" of an entity licensed to serve alcohol. § 12–47–801(2), C.R.S.2009. Accordingly, the nightclub and its owner were entitled to judgment on these remaining claims.

## III. Conclusion

The summary judgment in favor of the nightclub on the section 12–47–801 claim is reversed, and the case is remanded for further proceedings on that claim. The summary judgment in favor of defendants on the remaining claims is affirmed.

Judge GRAHAM and Judge GABRIEL concur.