

# NUMBER 13-19-00379-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**VALSTAY, LLC,**                                                     **Appellant,**

**v.**

**TEXAS WINDSTORM INSURANCE
ASSOCIATION,**                                               **Appellee.**

---

### On appeal from the 28th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Silva
Memorandum Opinion by Justice Hinojosa**

Appellant Valstay, LLC (Valstay) sued appellee Texas Windstorm Insurance Association (TWIA) for breach of contract and for violations of the Texas Insurance Code in connection with TWIA's denial of Valstay's insurance claim. *See* TEX. INS. CODE ANN.

§ 2210.576. A jury found in favor of TWIA, and the trial court entered judgment accordingly. By two issues, with multiple subparts, Valstay argues that it is entitled to a new trial because the jury charge was erroneous. We reverse and remand.

## I.    BACKGROUND

### A.    Lawsuit

Valstay sued TWIA after TWIA denied Valstay's claim for coverage under a windstorm and hail policy. Valstay claimed that its hotel, the Valstay Inn & Suites (the hotel), sustained damage covered by the policy. Valstay pleaded that TWIA breached the insurance contract between the parties by failing to pay policy benefits for a covered loss and by failing to "timely investigat[e], adjust[] and pay[]" Valstay's claim. *See id*. § 2210.576(a). Valstay also alleged that TWIA violated the insurance code when it denied Valstay's claim without conducting a reasonable investigation and after liability became reasonably clear. *See id.* § 2210.576(d). TWIA filed an answer, and the case proceeded to a jury trial.

### B.    Trial Record

Valstay continuously insured its hotel against wind and hail damage through a TWIA policy from August 31, 2012, to October 1, 2015. The policy covers "direct physical loss . . . caused by windstorm or hail" sustained during the coverage period, but it excludes damage caused by floodwater or rain, including most wind-driven rain.

In late 2012, TWIA informed Valstay that it must repair the hotel's roof so that it was in proper working condition, or TWIA would cancel coverage. Valstay complied with this mandate, and a TWIA engineer certified that the roof was in proper working condition

2

as of March 1, 2013.[1] As a result, TWIA continued to insure the property.

Valstay filed a claim with TWIA on July 8, 2015, contending that the hotel's roof sustained damage during a May 24, 2015 storm. TWIA assigned adjuster Howard Wible to investigate the claim. Stacey Hoffman, a Valstay employee, reported to Wible that there was wind damage to the roof and interior water damage. Wible arranged for Halliwell Engineering Associates (Halliwell) to inspect the property. On July 15, 2015, Mark Henry, Halliwell's forensic architect, and Wible inspected the hotel's roof. Wible and Henry both observed wind damage. Henry noted that the roof was not well maintained and had "a good bit of deterioration from weathering." Henry determined from aerial pictometry that the damage to the roof predated the May 24, 2015 storm and occurred sometime between October 2012 and December 24, 2014. Todd Cormier, a Halliwell engineer, later authored a report concluding that the damage to the property was due to long-term wear and tear that predated the reported loss date.

On July 28, 2015, C. Parker Construction (Parker) inspected the property on behalf of TWIA to determine the cost to repair wind related damages. Parker estimated that repairing such damage would cost $313,401.94.

On September 15, 2015, TWIA issued a Notice of Claim denial which explained that "the claimed damage was not a result of windstorm or hail from the reported date of loss." On September 16, 2015, TWIA notified Valstay that it was canceling its policy effective October 1, 2015, because the property was uninsurable.

---

[1] The record indicates that the engineer inspected the roof on February 20, 2013 but that he officially approved the repairs on March 1, 2013.

Edwin Green, a roofing contractor retained by Valstay, examined the hotel in 2015 and 2016. Green observed wind and hail damage and concluded that the entire roof needed to be replaced. Green initially estimated the repair cost to be $961,420. Green later revised his estimate upward to $1.8 million.

In 2018, Valstay retained Gary Treider, a building consultant, to evaluate whether the hotel's roof was damaged by wind or hail and to determine when the damage occurred. Treider inspected the roof and observed both wind and hail damage. In reviewing weather records, Treider concluded the hail damage resulted from an April 13, 2015 storm and the wind damage resulted from a May 24, 2015 storm. Treider ruled out a May 10, 2012 hailstorm as causing the damage because the hail size from that storm did not align with the damage he observed.

## C.  Jury Charge and Objections

The trial court's jury charge provided in relevant part as follows:

**Question No. 1.**

Did Texas Windstorm Insurance Association fail to comply with the agreement entitled T.W.I.A. Commercial Policy?

> The Texas Windstorm Insurance Association Dwelling Windstorm and Hail Policy covers direct physical loss to the covered property caused by windstorm or hail during the policy period.
>
> Texas Windstorm Insurance Association failed to comply with the agreement if it failed to pay for all windstorm damage, if any, that resulted from the alleged event occurring on May 24, 2015, that it either (1) knew about, or (2) should have known about after a reasonable investigation.
>
> Texas Windstorm Insurance Association failed to comply with the agreement if it failed to pay for all hail damage, if any, that resulted from the alleged event occurring on April 13, 2015, that it either (1)

4

knew about, or (2) should have known about after a reasonable investigation.

Answer "Yes" or "No" for each of the following:

A. Windstorm
      Answer: _____
B. Hail
      Answer: _____

[Question 2 is a damages question.]

*If you answered "yes" to any part of Question No. 1, then answer the following question. Otherwise do not answer the following question.*

## Question No. 3

Do you find by clear and convincing evidence that Texas Windstorm Insurance Association mishandled Valstay, LLC's claim?

. . . .

*If you answered "yes" to any part of Question No. 3, then answer the following question. Otherwise do not answer the following question.*

## Question No. 4

Do you find by clear and convincing evidence that Texas Windstorm Insurance Association engaged in such conduct intentionally?

Valstay lodged several objections to the charge, which the trial court overruled. First, Valstay objected that Question 1 improperly limited the jury's consideration to two specific dates on which the hotel could have sustained damage. Valstay's proposed question would have asked the jury to consider whether the hotel sustained damage during the applicable coverage period of August 31, 2012, to October 1, 2015. By limiting the jury's consideration to two specific dates, Valstay further argued that the charge improperly commented on the weight of the evidence.

5

Next, Valstay objected that Question 1 improperly limited TWIA's liability to damages that it knew or should have known about, which was inconsistent with the pertinent statutory language and improperly shifted the burden of proof to Valstay to disprove an affirmative defense. Valstay's proposed Question 1 omitted any such constructive knowledge requirement. Valstay further objected that Question 1, in asking whether TWIA failed to comply with the policy, did not track the pertinent statutory language which imposes liability only when TWIA's denial of a claim is improper. *See id*. § 2210.576(a)(1).

Finally, Valstay objected that Questions 3 and 4 were improperly conditioned on an affirmative finding as to Question 1. However, Valstay's proposed questions on this subject were also conditioned in this manner.

## D.     Jury Deliberations, Verdict, and Judgment

During their deliberations, the jury sent a note to the trial court asking the following: "Are the following two dates the only two dates we're aloud [sic] to consider: (1) May 24, 2015 for wind (2) April 13, 2015 for hail[.] If so, do we omit all other prior dates?" The trial court instructed the jury to "[p]lease follow the Court's instructions and the evidence admitted." The jury answered "no" to both parts of Question 1, thereby finding that TWIA did not fail to comply with the insurance policy. As a result, the jury did not answer the remaining conditional questions. The trial court signed a take nothing judgment in accordance with the jury's verdict. Valstay later filed a motion for new trial, which the trial court denied. Valstay now appeals.

6

## II.    JURY CHARGE

In its two issues, Valstay argues that the questions submitted to the jury were erroneous. In its first issue, Valstay argues that Question 1, concerning its statutory breach of contract claim, was erroneous because: (a) it failed to track the statutory language; (b) it improperly limited the jury's consideration to two specific dates; and (c) it required that Valstay prove knowledge which is not required by the applicable statute and which constitutes an affirmative defense.[2] In its second issue, Valstay argues that Questions 3 and 4, concerning TWIA's mishandling of the claim, were improperly conditioned on an affirmative answer to Question 1.

### A.    Preservation

We must first determine the extent to which Valstay has preserved its appellate arguments. "A party objecting to a charge must point out distinctly the objectionable matter and the grounds of the objection. Any complaint as to a question, definition, or instruction, on account of any defect, omission, or fault in pleading, is waived unless specifically included in the objections." TEX. R. CIV. P. 274. An objection does not satisfy Rule 274's requirements unless the grounds for the objection are stated specifically enough so that the trial court is fully cognizant of the grounds of complaint and deliberately chose to overrule the objection. *Cont'l Cas. Co. v. Baker*, 355 S.W.3d 375, 383 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *see also* TEX. R. APP. P. 33.1. An appellant does

---

[2] Valstay also contends that Question 1 improperly shifted the burden of proof to Valstay to prove that it reported its loss within one year as required by statute and the applicable policy. *See* TEX. INS. CODE ANN. § 2210.573(a). However, Question 1 contains no instruction or question concerning the reporting requirement. Valstay proposed a separate question on this issue, which the trial court rejected. Valstay does not argue on appeal that the trial court erred in failing to submit the question.

7

not preserve the issue of an omitted instruction or question for appellate review unless the appellant: (1) tenders a written request to the trial court for submission of the question, (2) which is "in substantially correct wording." *See* TEX. R. CIV. P. 278; *Tex. Dep't of Human Servs. v. Hinds*, 904 S.W.2d 629, 637–38 (Tex. 1995). Objections to the charge and requests for instructions must comport with the arguments made on appeal. *Baker*, 355 S.W.3d at 383.

Two of Valstay's proposed questions contained the same language that Valstay complains of on appeal. First, like the submitted Question 1, Valstay's proposed Question 1 asked whether TWIA "failed to comply with the policy" as opposed to asking whether TWIA's denial of the claim was improper. Second, Valstay objected that Questions 3 and 4 were improperly conditioned on an affirmative finding as to Question 1, buts its proposed "mishandling" question was also conditioned on the jury's affirmative finding on Question 1. Because Valstay did not submit proposed instructions "in substantially correct wording" that would remedy these alleged deficiencies, we conclude that Valstay has failed to preserve the foregoing complaints for appeal. *See* TEX. R. CIV. P. 278; *Hinds*, 904 S.W.2d at 637–38. Accordingly, we overrule sub-issue 1a as well as Valstay's second issue. We will proceed to address Valstay's remaining preserved appellate issues.

## B. Standard of Review

"A trial court has broad discretion in constructing the charge, so long as it is legally correct." *Emerson Elec. Co. v. Johnson*, ___ S.W.3d ___, __, No. 18-1181, 2021 WL 1432226, at *7 (Tex. Apr. 16, 2021). Therefore, "[w]e review a trial court's decision to submit or refuse a particular instruction in its charge for an abuse of discretion." *Thota v.*

*Young*, 366 S.W.3d 678, 687 (Tex. 2012); *Dall. Area Rapid Transit v. Morris*, 434 S.W.3d 752, 757 (Tex. App.—Dallas 2014, pet. denied). A trial court abuses its discretion when it acts in an arbitrary manner without reference to any guiding rules or principles. *Carpenter v. Cimarron Hydrocarbons Corp*., 98 S.W.3d 682, 687 (Tex. 2002). "An instruction is proper if it (1) assists the jury, (2) accurately states the law, and (3) finds support in the pleadings and evidence." *Thota*, 366 S.W.3d at 687 (quoting *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 855–56 (Tex. 2009)); *see Morris*, 434 S.W.3d at 758.

> The court shall not in its charge comment directly on the weight of the evidence or advise the jury of the effect of their answers, but the court's charge shall not be objectionable on the ground that it incidentally constitutes a comment on the weight of the evidence or advises the jury of the effect of their answers when it is properly a part of an instruction or definition.

TEX. R. CIV. P. 277. To constitute a comment on the weight of the evidence, the instruction must indicate the trial court's opinion on the truth of the matter in question. *Harris v. Gen. Motors Corp*., 924 S.W.2d 187, 188 n.1 (Tex. App.—San Antonio 1996, writ denied); *see Schack v. Prop. Owners Ass'n of Sunset Bay*, 555 S.W.3d 339, 355 (Tex. App.—Corpus Christi–Edinburg 2018, pet. denied). An impermissible comment on the weight of the evidence occurs when the judge assumes the truth of a material controverted fact or exaggerates, minimizes, or withdraws some pertinent evidence from the jury's consideration. *Halmos v. Bombardier Aerospace Corp.*, 314 S.W.3d 606, 617 (Tex. App.—Dallas 2010, no pet.); *see Schack*, 555 S.W.3d at 355.

## C.    Applicable Law

When the legislature creates a statutory cause of action and remedy for its

enforcement dealing with an administrative agency, the statutory provisions are mandatory and exclusive. *See Hous. & Cmty. Servs., Inc. v. Tex. Windstorm Ins. Ass'n*, 515 S.W.3d 906, 909 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.). Further, a jury charge should generally track the language of the statute as closely as possible when a statutory cause of action is submitted. *Borneman v. Steak & Ale of Tex., Inc.*, 22 S.W.3d 411, 413 (Tex. 2000) (per curiam).

The Texas Legislature passed the Texas Windstorm Insurance Association Act (the Act) to provide "an adequate market for windstorm and hail insurance in the seacoast territory of this state." TEX. INS. CODE ANN. § 2210.001; *Tex. Windstorm Ins. Ass'n v. Jones*, 512 S.W.3d 545, 549 (Tex. App.—Houston [1st Dist.] 2016, no pet.). Under the Act, TWIA "is intended to serve as a residual insurer of last resort for windstorm and hail insurance in the seacoast territory." *Id*. Section 2210.001 states that TWIA shall "(1) function in such a manner as to not be a direct competitor in the private market; and (2) provide windstorm and hail insurance coverage to those who are unable to obtain that coverage in the private market." TEX. INS. CODE ANN. § 2210.001.

Subchapter L–1 of Chapter 2210 provides the exclusive remedies for a claim against TWIA. *See id*. § 2210.572(a). A "claim" means a policyholder's request for payment under a TWIA policy and any other claim against TWIA relating to an insured loss. *Id*. § 2210.571(2). The only issues a claimant may raise in an action against TWIA are (1) whether TWIA's "denial of coverage was proper"; and (2) "the amount of damages . . . to which the claimant is entitled[.]" *Id*. § 2210.576(a). Where a claim is authorized, a claimant may recover additional damages if TWIA "mishandled the

10

claimant's claim to the claimant's detriment" by intentionally committing one of five enumerated actions. *Id*. § 2210.576(d).[3]

## D. Error Analysis

### 1. Sub-Issue 1b

We first address Valstay's argument that Question 1 improperly limited the jury's consideration to two specific storms. Valstay maintains that it was only required to establish a loss from any covered peril within the coverage period of August 31, 2012 to October 1, 2015. Valstay further argues that Question 1 constituted an impermissible comment on the weight of the evidence. TWIA responds that the two dates referenced in Question 1 were proper because they corresponded with Valstay's pleadings and its own evidence.

As noted, the applicable statutory scheme limits the issues that can be raised in an action against TWIA to (1) whether TWIA's "denial of coverage was proper"; and (2) "the amount of damages . . . to which the claimant is entitled[.]" *Id*. § 2210.576(a). Because the Act does not define what constitutes an improper denial of coverage, we must look to the common law for guidance. *See PPG Indus., Inc. v. JMB/Hous. Ctrs. Partners*, 146 S.W.3d 79, 87 (Tex. 2004).

A breach of an insurance policy claim may involve any number of discrete issues, but the jury need only be asked and instructed about those issues that are actually in

---

[3] The Act also provides that "an insured must file a claim under [a TWIA] policy not later than the first anniversary of the date on which the damage to property that is the basis of the claim occurs." *Id*. § 2210.573(a). This requirement constitutes "a clear and unambiguous one-year limitations period for when a claimant may file a claim with TWIA, subject to a 180–day discretionary extension from the commissioner of insurance." *Hous. & Cmty. Servs., Inc. v. Tex. Windstorm Ins. Ass'n*, 515 S.W.3d 906, 910 (Tex. App.— Corpus Christi–Edinburg 2017, no pet.). As previously noted, the jury charge contained no instruction on this requirement.

dispute and raised by the pleadings and evidence. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 (Tex. 2018). In the context of insurance policies, the parties typically do not dispute the existence of an agreement because the policy is the agreement. *Id*. at 502. Where the existence of an agreement is not in dispute, the insured carries the initial burden of establishing coverage under the terms of the policy. *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010). To prove coverage, the plaintiff must establish that: (1) the injury or damage is the type covered by the policy; (2) the injury or damage was incurred at a time covered by the policy; and (3) the injury or damage was incurred by a person whose injuries are covered by the policy. *Seger v. Yorkshire Ins.*, 503 S.W.3d 388, 400 (Tex. 2016). The plaintiff need not prove the precise date of injury, only that it occurred within the policy period. *Vines-Herrin Custom Homes, LLC v. Great Am. Lloyds Ins. Co.*, 357 S.W.3d 166, 172 (Tex. App.—Dallas 2011, pet. denied) (citing *Don's Bldg. Supply, Inc. v. OneBeacon Ins.*, 267 S.W.3d 20, 24 (Tex. 2008)). If the plaintiff establishes these elements, then "[t]o avoid liability, the insurer then has the burden to plead and prove that the loss falls within an exclusion to the policy's coverage."[4] *Seger*, 503 S.W.3d at 400.

Here, to establish coverage, Valstay was required to establish that a direct physical loss to its hotel was caused by windstorm or hail and that the losses occurred within a time covered by the policy, which the parties agree was August 31, 2012, to October 1, 2015. *See id*. The parties' primary dispute at trial was not whether the hotel's damage was caused by a covered peril, but when the damage occurred. It was TWIA's contention

---

[4] In this case, there was no question submitted to the jury regarding whether Valstay's loss fell within an exclusion to coverage.

that the damage predated the claimed date of loss of May 24, 2015. TWIA further argued that the damage in the roof was primarily attributable to improper maintenance. While Valstay attempted to prove that two specific storms resulted in the damage, it was not its burden to do so. Valstay's pleadings did not allege that the hotel could have only sustained damage from those two storms. Rather, it contended that the damage must have occurred within the coverage period. Its theory at trial was consistent with its pleadings in this regard. Accordingly, a legally accurate instruction would have afforded the jury an opportunity to consider whether the hotel sustained damage from any named peril during the coverage period, even if it did not believe that such damage occurred on the two specific dates proposed by Valstay's expert.[5] By preventing the jury from making this determination, Question 1 fails to accurately state the law. *See Thota*, 366 S.W.3d at 687.

Further, by limiting the jury's consideration to two specific dates, the trial court implicitly informed the jury that Valstay did not sustain a covered loss on any other date within the coverage period. This constitutes an improper comment on the weight of the evidence because it assumes the truth of a material controverted fact, while also withdrawing pertinent evidence from the jury's consideration. *See Halmos*, 314 S.W.3d

---

[5] Except for those portions which we have determined are erroneous, the trial court's Question 1 is in many respects similar to the Texas Pattern Jury charge recommendation. For breach-of-insurance-policy claims, the Texas Pattern Jury charge recommends submitting a broad-form compliance question asking whether the insurer "fail[ed] to comply with the agreement," along with an instruction that the insurer failed to comply if it "failed to pay for [all] the damages, if any," that were caused by or resulted from the covered loss. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 502 n.24 (Tex. 2018) (quoting COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEX., TEX. PATTERN JURY CHARGES—BUS., CONSUMER, INS. & EMPLOYMENT, PJC 101.57 (2016)). Although pattern jury charges are not law, they are "heavily relied upon by both bench and bar." *H.E. Butt Grocery Co. v. Bilotto*, 928 S.W.2d 197, 199 (Tex. App.—San Antonio 1996), *aff'd* 985 S.W.2d 22 (Tex. 1998). As we explain above, a covered loss under Valstay's policy would be a direct physical loss sustained from windstorm or hail during the coverage period.

at 617.

## 2.    Sub-Issue 1c

Valstay also argues that the trial court erred in limiting the jury's consideration to damage that TWIA "either (1) knew about, or (2) should have known about after a reasonable investigation." Valstay maintains that the statutory claim requires no knowledge component. We agree.

As noted above, a jury charge should generally track the language of the statute as closely as possible when a statutory cause of action is submitted. *Borneman*, 22 S.W.3d at 413. Further, when the legislature creates a statutory cause of action, the statutory provisions are mandatory and exclusive. *See Hous. & Cmty. Servs.*, 515 S.W.3d at 909. The complained-of language in the jury charge appears to be derived from the Act's provision for additional damages when TWIA intentionally mishandles a claim, a question that was submitted separately to the jury in this case. *See* TEX. INS. CODE ANN. § 2210.576(d) (referencing TWIA's duty to conduct a reasonable investigation and to accept a claim when TWIA's liability has become reasonably clear). The language also parallels principles found in common law and statutory bad faith claims which are not applicable here. *See Menchaca*, 545 S.W.3d at 489. Regardless of the origin, the knowledge language is unrelated to the question of whether TWIA improperly denied a claim. *See Liberty Nat'l Fire Ins. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996) ("Insurance coverage claims and bad faith claims are by their nature independent."). At any rate, the Act includes no requirement that a claimant prove actual or constructive knowledge of the loss in order to establish an improper denial of coverage.

14

### 3.    Summary

While a trial court has broad discretion to determine how it charges the jury, it does not have discretion to submit legally incorrect instructions or to comment on the weight of the evidence. *See Emerson Elec.*, 2021 WL 1432226, at *7. Question 1 fails to accurately state the law and improperly comments on the weight of the evidence. Therefore, we conclude that the trial court abused its discretion in instructing the jury as it did. *See Thota*, 366 S.W.3d at 687.

### E.    Harm Analysis

Having concluded that Question 1 is erroneous, we must now determine whether the error was harmful. *See id*. Error is considered harmful if it probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case to the appellate courts. TEX. R. APP. P. 44.1(a). Charge error is generally considered harmful if it relates to a contested, critical issue. *Hawley*, 284 S.W.3d at 856. We examine the entire record to determine whether the instruction probably caused an improper judgment. *Thota*, 366 S.W.3d at 686–87.

Here, the primary contested issue at trial was whether Valstay's loss occurred within the coverage period. Witnesses for both parties testified that the hotel's roof sustained wind damage—they simply disagreed as to when the loss occurred. For instance, a TWIA engineer certified that the roof was in proper operating condition as of March 1, 2013, which would indicate that any wind and hail damage to the roof would have occurred between March 1, 2013 and July 8, 2015, when Valstay reported the loss to TWIA. Henry, who inspected the roof for TWIA, determined that the wind damage he

15

observed predated the May 24, 2015 storm, but he conceded that such damage would have occurred sometime between October 2012 and December 24, 2014, a range of dates that are within the coverage period.[6] All those who inspected the roof observed wind damage, while Valstay's expert observed both wind and hail damage.

Based on this record, the jury was apparently unconvinced that the loss occurred on the dates proposed by Valstay's expert witness. However, the charge prevented the jury from considering whether the loss was sustained at another time during the coverage period. The impact of this instruction is made plainly evident by the jury's note to the trial court which asked whether they were limited to considering only those two dates.

Having examined the entire record, we conclude that the trial court's erroneous Question 1 was reasonably calculated to and probably did cause the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a); *Thota*, 366 S.W.3d at 687.

We sustain Valstay's sub-issues 1b and 1c.

### III. Conclusion

We reverse the judgment of the trial court and remand the case for a new trial.

LETICIA HINOJOSA
Justice

Delivered and filed on the
10th day of June, 2021.

---

[6] We do not consider the impact of the one-year reporting requirement in our harm analysis because it was not a question that was posed to the jury and neither party's closing arguments referenced the requirement. At any rate, TWIA's own witness conceded that the wind damage could have occurred as late as December 24, 2014, which is within one year of Valstay's July 8, 2015 claim.