Charles **SPENCER** D/B/A Natural Furniture Store et al., Petitioners,

v.

**EAGLE STAR INSURANCE COMPANY OF AMERICA,** Respondent.

No. C–9469.

Supreme Court of Texas.

Feb. 9, 1994.■

 

Mark Kincaid, Austin, for Nat. Furniture Store.

Joe Longley and Tim Labadie, Austin, for Charles Spencer.

Randy Nelson, Roger D. Higgins, Belinda Vrielink, and Patrick Stolley, Dallas, for Eagle Star Ins. Co.

Justice HECHT delivered the opinion of the Court, in which Chief Justice PHILLIPS, Justice GONZALEZ, Justice HIGHTOWER, Justice CORNYN and Justice ENOCH join.

We withdraw our opinion of June 30, 1993, substitute the following in its stead, and overrule respondent's motion for rehearing.

The issue we address in this case is whether error in the instruction accompanying a jury question on liability for an "unfair practice in the business of insurance" made the question immaterial or merely defective. If the question is immaterial, the trial court properly disregarded the jury's affirmative answer and rendered judgment notwithstanding the verdict for the defendant. But if the question and instruction are merely defective, defendant is entitled only to a new trial. The court of appeals held that the jury question was immaterial and affirmed the trial court's judgment. 780 S.W.2d 837. We disagree and therefore reverse the judgment of the court of appeals and remand the case for a new trial.

As proprietors of the Natural Furniture Store, the Spencers were insured by Eagle Star Insurance Company against loss of the store's contents and interruption of its business. After the store was destroyed by fire, an investigator hired by Eagle Star reported that the fire had been intentionally set inside the store, and that the fire department's chief suspect was Charles Spencer. Spencer was never charged with any offense in connection with the fire.

While the investigation was pending, Eagle Star made no payments to the Spencers, and as a result, the Spencers claim, they were unable to reopen their business, service their bank loan, or resume their rent payments for

the store after the fire-damaged areas were repaired. The Spencers hired an attorney and complained to the State Board of Insurance that Eagle Star had not responded to their agent's requests for information on the status of their claim and had not paid them anything under their policy. The Board forwarded their complaint to Eagle Star. Two days later, and more than five months after the fire, Eagle Star agreed to pay the full policy limits for coverage of the store's contents. The Spencers also demanded the policy limits for business interruption coverage. After Eagle Star decided that the Spencers were entitled to only a lesser amount, which it offered to pay, the Spencers sued Eagle Star for breach of contract, breach of the common law duty of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices—Consumer Protection Act, Tex.Bus. & Com.Code §§ 17.41–.63,[1] Texas Insurance Code art. 21.21,[2] and Board of Insurance Orders 41060[3] and 41454.[4] After

the Spencers filed suit, Eagle Star paid them the amount it had determined was due.

The trial court submitted two questions to the jury regarding Eagle Star's liability. Question 1A asked whether Eagle Star's handling of the Spencers' claim for loss of earnings was an "unfair practice in the business of insurance" defined by an accompanying instruction as "any act or series of acts which is arbitrary, without justification, or takes advantage of a person to the extent that an unjust or inequitable result is obtained." Question 1B asked whether Eagle Star had engaged in unconscionable conduct as defined in section 17.45(5)(A) of the DTPA. Eagle Star objected to the questions and instructions on the grounds that neither question "is based upon a cause of action recognized under Texas law," and "more specifically ... that [Question 1A] permits the jury to determine what duty, if any, is owed to the Spencers, which is a question of law

1. Section 17.50(a) provides that a consumer may maintain an action based on: "(1) the use or employment by any person of a false, misleading, or deceptive act or practice that is specifically enumerated in a subdivision of Subsection (b) of Section 17.46 of this subchapter; (2) breach of an express or implied warranty; (3) any unconscionable action or course of action by any person; or (4) the use or employment by any person of an act or practice in violation of Article 21.21, Texas Insurance Code, as amended, or rules or regulations issued by the State Board of Insurance under Article 21.21, Texas Insurance Code, as amended.

2. Article 21.21, § 16(a) provides relief for persons injured "as a result of another's engaging in an act or practice declared in Section 4 of this Article or in rules or regulations lawfully adopted by the Board under this Article to be unfair methods of competition or unfair or deceptive acts or practices in the business of insurance or in any practice defined by Section 17.46 of the Business & Commerce Code, as amended, as an unlawful deceptive trade practice...." Article 21.21, § 4 declares certain listed acts to be "unfair methods of competition and unfair and deceptive acts or practices in the business of insurance."

3. Order No. 41060, State Bd. of Ins., Amendment of Unfair Competition & Unfair Practices of Insurers Rules, Docket No. 41060 (June 4, 1982), as codified in 28 Tex.Admin.Code § 21.3 (West July 21, 1988), provides in relevant part:
    (a) Misrepresentation of insurance policies, unfair competition, and unfair practices by insurers, agents and other connected persons are

prohibited by Article 21.20 and Article 21.21 or by other provisions of the Insurance Code of Texas and by these sections of the State Board of Insurance. No person shall engage in this state in any trade practice that is a misrepresentation of an insurance policy, that is an unfair method of competition, or that is an unfair or deceptive act or practice as defined by the provisions of the Insurance Code or as defined by these sections and other rules and regulations of the State Board of Insurance authorized by the Code.
    (b) Irrespective of the fact that the improper trade practice is not defined in any other section of these rules and regulations, no person shall engage in this state in any trade practice which is determined pursuant by law to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.
    See also Chitsey v. National Lloyds Ins. Co., 738 S.W.2d 641, 643 (Tex.1987) (claim based on violation of Board Order No. 41060 sustained).

4. Order No. 41454, State Bd. of Ins., Amendment of Unfair Competition & Unfair Practices of Insurers Rules, Docket No. 41454 (Aug. 10, 1982), as codified in 28 Tex.Admin.Code § 21.203 (West July 21, 1988), provides in part that: "No insurer shall engage in unfair claim settlement practices. Unfair claim settlement practices means committing or performing with such frequency as to indicate a general business practice any of the following: ... (15) Refusing to pay claims without conducting a reasonable investigation based upon all available information." See Chitsey, 738 S.W.2d at 643.

for the Court, and not one of fact for the jury." The jury answered Question 1A "yes" and Question 1B "no". The trial court granted Eagle Star judgment notwithstanding the verdict on the ground that Question 1A was insufficient to support recovery by the Spencers. The court of appeals affirmed.

■ A trial court may disregard a jury finding only if it is unsupported by evidence, a condition not met in this case, or if the issue is immaterial. *C. & R. Transport, Inc. v. Campbell,* 406 S.W.2d 191, 194 (Tex.1966). A question is immaterial when it should not have been submitted, or when it was properly submitted but has been rendered immaterial by other findings. *Id.* A question which calls for a finding beyond the province of the jury, such as a question of law, may be deemed immaterial. 4 ROY W. MCDONALD, TEXAS CIVIL PRACTICE IN DISTRICT & COUNTY COURTS § 17.31 (1984 & Supp.1988).

■ Both lower courts correctly held that Question 1A was defective. When liability is asserted based upon a provision of a statute or regulation, a jury charge should track the language of the provision as closely as possible. *Brown v. American Transfer & Storage Co.,* 601 S.W.2d 931, 937 (Tex.1980), *cert. denied,* 449 U.S. 1015, 101 S.Ct. 575, 66 L.Ed.2d 474 (1980). The charge here fails this test. Although the language of Question 1A—"unfair practice in the business of insurance"—appears to have been taken from TEX.INS.CODE art. 21.21, § 16(a), that statute by its express terms does not refer to every such practice imaginable but only to those specified by certain other statutes and regulations. *Supra* note 2. Without an instruction specifying the actions for which Eagle Star could be liable, Question 1A was improper. The instruction which accompanied Question 1A did not meet this requirement. It allowed the jury to find an unfair insurance practice based upon any action by Eagle Star that took advantage of the Spencers and resulted in an inequitable result. Liability cannot be imposed on any of the claims asserted by the Spencers on so broad and ill-defined a finding.

However, Question 1A plainly attempted to request a finding on a statutory cause of action, and while it was defective, it was not immaterial. To the contrary, it was the heart of the Spencers' case. Since Question 1A was material, the trial court could not disregard the jury's answer and render judgment notwithstanding the verdict. But because the charge was defective, and Eagle Star properly objected, it is entitled to a new trial. *See generally State Dept. of Highways v. Payne,* 838 S.W.2d 235 (Tex.1992).

As we held in *Moulton v. Alamo Ambulance Serv., Inc.,* 414 S.W.2d 444, 449–50 (Tex.1967), an objection is sufficient to preserve error in a defective instruction. A request of substantially correct language is not required. The applicable rule is Rule 274, TEX.R.CIV.P., which states in part:

> A party objecting to a charge must point out distinctly the objectionable matter and the grounds of the objection. Any complaint as to a question, definition, or instruction, on account of any defect, omission, or fault in pleading, is waived unless specifically included in the objections.

Eagle Star's objection fully complied with this rule.

The trial court was authorized only to grant a new trial, not to render judgment notwithstanding the verdict. Eagle Star and two amici curiae argue that in these circumstances judgment should be rendered against the Spencers, just as judgment was rendered against the plaintiffs in *Payne. Payne* is distinguishable. There, plaintiffs refused to submit a theory of recovery; here, plaintiffs submitted their theory defectively. In *Payne,* plaintiffs abandoned one basis of liability by refusing to submit it over defendant's objection; here, plaintiffs never abandoned their statutory claim but requested an improper submission of it to the jury. Inasmuch as the trial court should have granted a new trial, the same relief should be granted on appeal. *See* TEX.R.APP.P. 81(c), 184.

In other cases cited by Eagle Star and the amici, the party suffering rendition failed to submit any jury question on a controlling issue. *See Cosgrove v. Grimes,* 774 S.W.2d 662, 666 (Tex.1989) (rejecting plaintiff's argument that jury findings on attorney's failure to exercise "reasonable and ordinary care" supported recovery for DTPA claim based on breach of implied warranty), *reversing and*

*affirming in part* 757 S.W.2d 508 (Tex. App.—Houston [1st Dist.] 1988) (noting that plaintiff failed to submit any issues supporting his DTPA claim). *See also Woods v. Mercer*, 769 S.W.2d 515, 518 (Tex.1988) (plaintiff neither pleaded nor requested jury findings on discovery rule). Another cited case, *W.O. Bankston Nissan, Inc. v. Walters*, 754 S.W.2d 127 (Tex.1988), is also distinguishable. Plaintiff, who bought a truck represented to be a year newer than it was, obtained as his only findings pertinent to actual damages, an amount for the fair market value of the car traded in. He failed, as the Court noted, to submit a proper measure of damages, for either the loss of the benefit of the bargain—the truck as represented and as received—or his out-of-pocket losses. The Court concluded first, however, that plaintiff had failed to meet his burden of proof, by showing his losses under either measure of damages.

Eagle Star and the amici argue that to remand this case for a new trial punishes Eagle Star, even though it objected to the improper charge, and gives the Spencers "a second bite at the apple". They argue that a remand only encourages plaintiffs to request submission of erroneous charges in hopes of a favorable verdict, knowing that their only risk is a new trial. The first answer to this argument is that submission of the charge is the trial court's responsibility, and the consequences of the trial court's error should not fall unduly upon plaintiffs. Further, even if plaintiffs controlled submission of the charge, the prospect of a new trial is ordinarily sufficient disincentive to request submission of an improper charge. Finally, we do not foreclose the possibility that a plaintiff's request would be so defective that a new trial would not be warranted. Such circumstances are not present in this case.

We believe the correct remedy in this case is a new trial. Accordingly, we reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings.

## APPENDIX

### [To Opinion of Justice HECHT]

A supplemental concurring and dissenting opinion criticizes the Court for delaying its ruling on Eagle Star's motion for rehearing. While we do not wish these criticisms to go unanswered, we also do not wish to be drawn into the polemic that is the separate Justice's regular and distinctive style. To avoid cluttering the Court's opinion with such matters that have nothing to do with the issues decided, we respond to the separate opinion in this Appendix.

This case was decided in the midst of several others dealing with related issues. *See Schick v. McGee*, 843 S.W.2d 473 (Tex. 1992) (vacating lower court judgments and remanding cause to trial court for rendition of judgment in accord with settlement) (D–0235); *Allied General Agency, Inc. v. Moody*, 788 S.W.2d 601 (Tex.App.—Dallas 1990), writ denied, 36 Tex.S.Ct.J. 1064 (June 30, 1993) (order withdrawing, as improvidently granted, October 21, 1992 order granting application on rehearing) (C–9992); *Lyons v. Millers Casualty Insurance Co.*, 866 S.W.2d 597 (Tex.1993) (December 8, 1993 opinion, no motion for rehearing filed) (D–0664); *National Union Fire Insurance Co. v. Dominguez*, 873 S.W.2d 373 (Tex.1994) (opinion issued, motion for rehearing pending) (D–0040). We have revised our opinion on rehearing for two reasons. First, the separate opinion originally issued has been withdrawn and modified to eliminate an argument which, as our original opinion pointed out, was demonstrably wrong. *See* 36 Tex.Sup.Ct.J. 1090 (June 30, 1993), 37 Tex.Sup.Ct.J. 21 (Oct. 6, 1993). Since the separate opinion no longer makes this faulty argument, it is unnecessary to respond to it. Second, on motion for rehearing Eagle Star and two amici have raised a significant issue requiring discussion.

The separate opinion accuses the Court of indifference and deliberate delay in deciding this case. The accusation is false. It is no more true of this case than of *In re J.W.T.*, 872 S.W.2d 189 (Tex.1994), *University of Texas v. York*, 871 S.W.2d 175 (Tex.1994), *Sage Street Assoc. v. Northdale Constr. Co.*, 863 S.W.2d 438 (Tex.1993), or many other cases which the separate opinion chooses not

to criticize. We do not criticize the time taken to decide these cases. We have rejected the separate opinion's accusations in the past as unfair, and we continue to do so. *Delaney v. University of Houston,* 835 S.W.2d 56, 64 (Tex.1992) (per curiam); *Greathouse v. Charter National Bank—Southwest,* 851 S.W.2d 173, 178 (Tex.1992) (per curiam); *Hines v. Hash,* 843 S.W.2d 464, 470 (Tex.1992) (per curiam).

Finally, while it is important that our decisions be timely, it is also important that they be correct. The Court strives to work toward both goals.

DOGGETT, Justice, concurring and dissenting.

(Oct. 6, 1993. ▮)

Here the majority consents to a new trial for small business owners, Charles and Sharon Spencer, who operate the Natural Furniture Store in Austin. This means that after waiting three and one-half years for this court to act[1], the Spencers finally get the privilege of retrying the case on which they received a favorable jury finding in 1987. Because of errors in both the trial court and court of appeals, I agree that this cause must be reversed and remanded. I disagree completely with both the majority's method of handling this matter and its ultimate disposition. A new trial is not mandated here because Eagle Star has waived the error of which it now complains.

The sole issue considered today is whether the jury charge properly submitted a violation of the Texas Insurance Code, which imposes liability for "unfair or deceptive acts or practices in the business of insurance." Tex.Ins.Code, art. 21.21, § 16(a). Question 1A asked the jury to determine whether Eagle Star's handling of the Spencers' claim for loss of earnings was: "A. An unfair practice in the business of insurance?"

A jury charge should track the statutory language upon which it is based as closely as possible. *Brown v. American Transfer & Storage Co.,* 601 S.W.2d 931, 937 (Tex.), *cert. denied,* 449 U.S. 1015, 101 S.Ct. 575, 66 L.Ed.2d 474 (1980). Utilizing the term "unfair practice in the business of insurance," the text of Question 1A does just that with a near verbatim quote of the statutory language.[2] Despite the rather obvious similarity between the question submitted and the statutory language, the majority summarily dismisses the Spencers' submission as failing "this test" of "track[ing] the language of the provision as closely as possible," even while conceding that the question "plainly attempted to request a finding or statutory cause of action."

The majority's determination that the question was defective is not premised on the question at all, but is instead directed to disapproval of the accompanying definition, which provided:

"Unfair practice" means any act or series of acts which is arbitrary, without justification, or takes advantage of a person to the extent that an unjust or inequitable result is obtained.

This definition is paraphrased in the court's conclusion that the "question" was defective by "allow[ing] the jury to find an unfair insurance practice based on any action by Eagle Star that took advantage of the Spencers and resulted in an inequitable result." Eagle Star never properly objected to the definition submitted. Rather, following its objections to the question, the insurer contended only that "we object to the instructions submitted for these [same] reasons." Rule 274 does not permit the use of such cross-references in objections.

1. "Every case deserves our prompt and careful attention whether the party seeking review in this court is a homeowner like Dutch Hines, a rape victim like Andrea Delaney, or a business, large or small." *Hines v. Hash,* 843 S.W.2d 464, 470 (Tex.1992) (Doggett, J., concurring).

2. Not only was this question proper under *Brown,* but it is also consistent with the rules governing broad-form submission. Tex.R.Civ.P. 277; *Texas Dep't of Human Services v. E.B.,* 802 S.W.2d 647 (Tex.1990).

Today's blurring of the line between questions and definitions perpetuates the refusal to adhere to the rules governing objections to the charge so recently announced in *State Dep't of Highways v. Payne*, 838 S.W.2d 235, 237 (Tex.1992), upon which the majority relies. The effect of these decisions is to absolve objecting parties from any obligation to assist the trial judge in clarifying the charge. *See id.* at 243 (Mauzy, J., dissenting); *id.* at 246 (Gonzalez, J., dissenting opinion on second motion for rehearing). Because general objections now suffice, the trial court submits "broad form" jury questions at its peril. Today's approval of "broad form" objections has rendered Rule 278, Tex.R.Civ.P., setting forth explicit procedures for complaint concerning instructions and definitions in the charge, meaningless. If the rules are to change, it should not be by opinion, *Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 915 (Tex. 1992), but by ordered consideration and public comment.

Because Eagle Star has waived error, a new trial is not required. I would reverse the court of appeals' judgment and remand to the trial court for rendition of judgment.

SPECTOR, J., joins in this concurring and dissenting opinion.

Justice DOGGETT delivered his supplemental dissenting opinion on motion for rehearing.

*Justice is like a train that's nearly always late.*[1]

Today justice remains very much off track and off schedule at the Texas Supreme Court. Timely justice, indeed, even timely injustice, has not been achieved. The application in this cause was filed in this Court on January 24, 1990. Not until June 30, 1993 was an opinion issued by the majority. No oral argument was ever provided the parties. The motion for rehearing has lingered here without decision for another half of a year. And now, over four years after this Court was asked to act, the majority is permitting the parties to start all over again with a retrial of a matter last considered by a jury seven years ago in 1987.

This court has directed district and statutory county court judges to "ensure that all cases are brought to trial or final disposition" for nonjury matters "[w]ithin 12 months from appearance date." Rule 6 of Rules of Judicial Administration. It mandates local judges to "adopt rules to provide for the orderly administration" of cases by requiring "dismissals for want of prosecution so as to achieve and maintain compliance with the time standards of Rule 6." Rule 9 of Rules of Judicial Administration. But there are no time standards which the majority uniformly applies to itself. Had the opinion here been a case, it would have long ago been dismissed for want of prosecution. Unfortunately the litigants in this case had no comparable remedy.

This is not justice. I renew my dissent.

## APPENDIX

### [To Opinion of Justice DOGGETT]

"To avoid cluttering" the dissent, I append this response to today's "Appendix." 876 S.W.2d at 158. The hollow defense contained in that writing for the four years that have elapsed while the Natural Furniture Store awaited an answer from this Court echoes Justice Hecht's prior insistence that my concern with timely disposition of causes, and particularly those for which he has principal responsibility, is misplaced. *See, e.g., Delaney v. University of Houston*, 835 S.W.2d 56 (Tex.1992) (seventeen month post argument delay in addressing rape victim's claim based on three-page affidavit); *Greathouse v. Charter Nat'l Bank–Southwest*, 851 S.W.2d 173 (Tex.1992) (sixteen month post argument delay in addressing single narrow commercial issue with modest record); *Hines v. Hash*, 843 S.W.2d 464 (Tex.1992) (thirteen month post argument delay in addressing consumer's single legal question based on stipulated facts). *See also Schick v. McGee*, 843 S.W.2d 473 (Tex.1992) (Doggett, J., concurring on Order granting Motion to Dismiss) (after nineteen months of waiting for this Court to act, parties gave up and filed joint motion to

---

1. Yevgeny Yevtushenko, A Precocious Autobiogra- phy 90 (1963).

dismiss on which this Court deferred action an additional two months).[2]

The excuses advanced demonstrate the complete lack of justification for this delay superimposed on delay. None of the cases of which *Spencer* was purportedly "in the midst," 876 S.W.2d at 158, are relied upon by Justice Hecht in either of the opinions that he has authored here. Moreover, both the Eagle Star motion for rehearing and the *modest* eight pages of briefing from amici have been available since July. And surely it did not require Justice Hecht seven months "to eliminate" part of one paragraph which had become unnecessary in his writing. *Id.*

Most peculiarly, the author of today's opinion defends this extraordinary delay by noting that I did not object recently when he took seven months to issue his separate writing on rehearing in another case, *In re J.W.T.,* 872 S.W.2d 189 (1994). The same argument could well have been made in *Sage Street Assoc. v. Northdale Constr. Co.,* 863 S.W.2d 438 (Tex.1993), where similar, wholly unjustified delay occurred. I agree fully that there is ample reason to broaden my complaint, since the source of the problem is indeed the same in all of these.

---

**2.** I also expressed my concern in that writing about the unfair delay in *Spencer* at a time when it had already been pending at this Court for two and one-half years. 843 S.W.2d at 474. Unfortunately, this was to no avail.