**Affirmed in part; Reversed and Rendered in part; and Opinion Filed December 8, 2023**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-23-00080-CV**

**STEVEN WILLIAMS, AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF COURTNEY WILLIAMS, DECEASED, Appellant**

**V.**

**ANNE TANNER, Appellee**

**On Appeal from the Collin County Probate Collin County, Texas Trial Court Cause No. PB1-1601-2020**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Breedlove
Opinion by Justice Carlyle

Steven Williams sued Anne Tanner for allegedly breaching a Rule 11 settlement agreement. After a jury found in his favor, the trial court signed a final judgment awarding Williams his damages but granting Tanner's motion for judgment notwithstanding the verdict concerning attorney's fees. Williams asks us to reinstate the jury's attorney's fees award. We affirm in part and reverse and render in part in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

Williams sued Tanner to enforce a settlement agreement and alleged several causes of action, including breach of contract. Counsel represented Williams and Tanner appeared pro se. During trial, Williams's counsel presented evidence concerning his attorney's fees and Tanner neither objected, conducted any cross-examination, nor presented any controverting evidence. The proposed jury charge focused on Tanner's alleged breach of contract and contained questions concerning Williams's attorney's fees; again, Tanner did not object.

The jury found Tanner committed a material breach of the underlying Rule 11 settlement agreement and awarded $6,338.39 in damages, $37,811 in attorney's fees, $30,000 in appellate attorney's fees, and another $45,000 for representation at the Supreme Court of Texas through oral argument and the completion of proceedings. Tanner then acquired counsel, filed a motion for judgment notwithstanding the verdict, and argued Williams should take nothing based on (1) an ambiguity in the Rule 11 agreement, (2) the absence of subject-matter jurisdiction because a person necessary for the just adjudication of the dispute was not involved, and (3) Williams's failure to segregate his attorney's fees.

The trial court granted Tanner's motion only with respect to Williams's attorney's fees because the evidence "was insufficient to support a judgment" and Williams failed to segregate recoverable fees from unrecoverable fees. Williams timely appealed and, in three issues, argues the trial court erred because (1) Tanner waived her objections and Williams sufficiently segregated his fees, (2) some

evidence supports the jury's fee award, and (3) the trial court granted relief Tanner did not request.

In his first issue, Williams argues the trial court erred when it granted Tanner's motion because Tanner waived her arguments concerning attorney's fees. The record shows Tanner failed to object to Williams's evidence concerning attorney's fees in a timely manner and failed to object to the jury charge; instead, her first complaint about his fees appeared in her motion for judgment notwithstanding the verdict. Tanner's untimely complaint is therefore waived. *See Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 389–90 (Tex. 1997); *In re A.M.W.*, 313 S.W.3d 887, 893 (Tex. App.—Dallas 2010, no pet.); *Ogden v. Ryals*, No. 14-10-01052-CV, 2012 WL 3016856, at *4 (Tex. App.—Houston [14th Dist.] July 24, 2012, no pet.) (mem. op.). As a result, the trial court erred when it granted Tanner's motion for judgment notwithstanding the verdict based on a failure to segregate attorney's fees.

In his second issue, Williams argues the evidence sufficiently supports the jury's verdict as to fees. Though the segregation complaint is waivable, evidence must still sufficiently support the jury's verdict, and a trial court can properly disregard a jury's answer if it does not. *See Green Int'l Inc.*, 951 S.W.2d at 389–90 (citing *Spencer v. Eagle Star Ins. Co. of Am.*, 876 S.W.2d 154, 157 (Tex. 1994)). A trial court may disregard a jury finding only if it is unsupported by evidence or if the issue is immaterial. *Spencer*, 876 S.W.2d at 157. Our review of the trial court's ruling employs the well-settled legal sufficiency or "no evidence" standard. *Del Bosque v.*

*Barbosa*, No. 05-22-00230-CV, 2023 WL 1097556, at \*2 (Tex. App.—Dallas Jan. 30, 2023, no pet.) (mem. op.).

"Generally, the evidence is legally insufficient to support a finding and a JNOV must be granted when the record demonstrates: (1) the complete absence of evidence on a vital fact; (2) a rule of law or evidence precluded according weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact amounted to no more than a scintilla; or (4) the evidence conclusively established the opposite of a vital fact." *Id.* The record lacks evidence conclusively establishing that Williams was not entitled to attorney's fees and neither the trial court nor the parties have identified any rule of law or evidence that precluded according weight to Williams's evidence.

Instead, the record reveals that Williams's attorney testified as to the specific legal services he performed on his client's behalf, the general reasons he needed to perform those services, when he performed those services, the amount of time it took him to perform those services, his hourly rates through the years he performed relevant services, the reasonableness of the amount of time it took him to complete those services, and the reasonableness of his hourly rate as it increased over the years. Counsel specifically prefaced each explanation of fees by limiting it to those fees caused by Tanner's breach. The evidence sufficiently supports the jury's verdict. *See Kinsel v. Lindsey*, 526 S.W.3d 411, 427 (Tex. 2017); *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498 (Tex. 2019). This evidence is

also more than a scintilla concerning vital facts. *Del Bosque*, 2023 WL 1097556, at *2. As a result, the trial court erred when it granted Tanner's motion for judgment notwithstanding the verdict based on the insufficiency of the evidence supporting Williams's attorney's fees.

Finally, Tanner attempts to raise cross-points challenging the remaining portions of the jury's verdict but has not filed a notice of appeal. In the absence of a notice of appeal, we cannot grant her more favorable relief than the trial court granted except for just cause. *See* TEX. R. APP. P. 25.1(c); *City of Austin v. Whittington*, 384 S.W.3d 766, 789 (Tex. 2012); *Dean v. Lafeyette Place (Section One) Council of Co-Owners, Inc.*, 999 S.W.2d 814, 817–18 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Tanner has not addressed, nor do we find just cause in the record to grant greater relief than the trial court granted. Thus, the absence of a notice of appeal waives Tanner's cross-points. *See id.*; *Lubbock Cnty., Texas v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 584 (Tex. 2002); *Richardson Indep. Sch. Dist. v. GE Capital Corp.*, 58 S.W.3d 290, 292 (Tex. App.—Dallas 2001, no pet.).

Accordingly, without reaching Williams's third issue, *see* TEX. R. APP. P. 47.1, we reverse the trial court's judgment notwithstanding the verdict as to Williams's attorney's fees, render judgment including Williams's attorney's fees, and affirm the remaining portions of the judgment.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

230080f.p05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

STEVEN WILLIAMS, AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF COURTNEY WILLIAMS, DECEASED, Appellant

No. 05-23-00080-CV     V.

ANNE TANNER, Appellee

On Appeal from the Collin County Probate, Collin County, Texas
Trial Court Cause No. PB1-1601-2020.
Opinion delivered by Justice Carlyle. Justices Goldstein and Breedlove participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** in part and judgment is **RENDERED** reinstating the jury's award of Williams's attorney's fees. In all other respects, the trial court's judgment is **AFFIRMED**.

It is **ORDERED** that appellant STEVEN WILLIAMS, AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF COURTNEY WILLIAMS, DECEASED recover his costs of this appeal from appellee ANNE TANNER.

Judgment entered this 8th day of December, 2023.